UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Dr. Harry N. Charles, II *(aka Harry N.* ) C/A No. 2:07-1050-MBS-RSC
*Charles, II)*, # 268775; Min. Michael Jones, )
Sr., #296247; Joshua Gallishaw, #251362; )
Leroy Derrell, #105592; Patrick Parks, )
#264007; Russell Reinhold, #241676; Rashin )
Muhammad, #312622; Richard L. Moss, Jr., )
#303249; Jean Paul Fleming, #320090; Tyrell )
Bellamy, #320172; Neto Dennison, #263854; )
Barrett Tucker, #112731; Jonathan Smith, )
#126625; Holdredge Pope, #296847; Desmond ) Code 555/42:1983
Brown, #185299; Brian Seegars, #318520; )
Taheen Kirven, #217858; William Watkins, )
#302051; Travis Rouse, #283611; Steve )
Sniper, #312985; Raymond Mack, #257153; )
Kozie King, #272554; Donnie McClure, )
#98948; Maurice J. Williams, #285755; )
Delvin Dunham, #315831; Simon Blye, )
#301539; Robert Crowe, #318465; Jonathan )
Dixon, #313487; Roy Brown, #300210; )
Tarrance Brown, #296207; Toreiko Stewart, )
#317051; Adam Moore, #309191; Donovan Jones, )
#252940; Marion Gossett, #135008; Thomas )
Martin, #319350; Jonathan Boone, #162652; )
Calvin C. Heyward, #299738; Percius )
Kirkland, #300788; Anthony Pressly, )
#281426; Robert Carroway, #128204; Cecil )
Brown, #200626; Tyrone Lucas, #247644; )
Johnny Tutt, #220732; James Pauling, )
#181883; Roderick Richardson, #270003; )
Michael Smith, #305363; James A. Elder, )
#240940; Sammy Bolen, #310896; Russell )
Quinn, #240821; David J. Brown, #300836; )
and Alex Woods, #311951,                )

                                         Plaintiffs,

v.

Cecilia R. Reynolds, Warden of Kershaw
    Correctional Institution,

                                         Defendant.

---

    This is a civil rights action filed by inmates at Kershaw Correctional Institution. The signature page of the pleading, which is in letter form, indicates there are fifty-one (51) plaintiffs.

In *Hubbard v. Haley*, 262 F.3d 1194, 50 Fed.R.Serv. 895 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that the Prison Litigation Reform Act (PLRA) does not allow multiple prisoners to join in one action or one appeal.

Each plaintiff's claims are unique to the particular plaintiff. Each plaintiff will have to comply with the exhaustion requirement of the Prison Litigation Reform Act. 42 U.S.C. § 1997e. With respect to injuries or damages, there would be different factual situations with respect to each plaintiff. Moreover, Harry N. Charles, II, the "lead" plaintiff, cannot "represent" the other prisoners at the Kershaw Correction Institution and cannot bring suit on their behalf. See *Laird v. Tatum*, 408 U.S. 1 (1972). See also *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); and *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint; the merits of the case are irrelevant). See also *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); and *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action); and *McNeil v. Guthrie*, 945 F.2d 1163, 1164 (10th Cir. 1991). Finally, each plaintiff must be notified separately of court documents, orders, and deadlines. Cf. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). As a result, each plaintiff's claims will require individualized determinations.

Accordingly, the Clerk of Court is directed to assign new, separate civil action numbers to the fifty (50) whose signatures appear on the signature page (other than that of Harry N. Charles, II) of the pleading in the above-captioned case. When assigning the civil action numbers to the new cases, the Clerk of Court shall make separate assignment "pulls" for the fifty new cases.

The fifty plaintiffs to be assigned separate civil action numbers are:
Michael Jones, Sr., #296247;
Joshua Gallishaw, #251362;
Leroy Derrell, #105592;
Patrick Parks, #264007;
Russell Reinhold, #241676;
Rashin Muhammad, #312622;
Richard L. Moss, Jr., #303249;
Jean Paul Fleming, #320090;
Tyrell Bellamy, #320172;
Neto Dennison, #263854;
Barrett Tucker, #112731;

2

Jonathan Smith, #126625;
Holdredge Pope, #296847;
Desmond Brown, #185299;
Brian Seegars, #318520;
Taheen Kirven, #217858;
William Watkins, #302051;
Travis Rouse, #283611;
Steve Sniper, #312985;
Raymond Mack, #257153;
Kozie King, #272554;
Donnie McClure, #98948;
Maurice J. Williams, #285755;
Delvin Dunham, #315831;
Simon Blye, #301539;
Robert Crowe, #318465;
Jonathan Dixon, #313487;
Roy Brown, #300210;
Tarrance Brown, #296207;
Toreiko Stewart, #317051;
Adam Moore, #309191;
Donovan Jones, #252940;
Marion Gossett, #135008;
Thomas Martin, #319350;
Jonathan Boone, #162652;
Calvin C. Heyward, #299738;
Percius Kirkland, #300788;
Anthony Pressly, #281426;
Robert Carroway, #128204;
Cecil Brown, #200626;
Tyrone Lucas, #247644;
Johnny Tutt, #220732;
James Pauling, #181883;
Roderick Richardson, #270003;
Michael Smith, #305363;
James A. Elder, #240940;
Sammy Bolen, #310896;
Russell Quinn, #240821;
David J. Brown, #300836; and
Alex Woods, #311951.

    The Clerk of Court is authorized to strike all plaintiffs from the docket with the exception of Harry N. Charles, II, who will remain the plaintiff in the instant action. The Clerk of Court is authorized to "re-file" the pleading from the above-captioned case in the fifty new cases and to process the fifty new cases as new prisoner cases.

    The initial document (docket) entries in the fifty "new" cases will be this order and the pleading. The Clerk of Court or his

3

assigned deputy is authorized to determine the most efficient way and time for assigning case numbers, and entering the new case numbers, party information, and pleading information on the court's electronic docketing system and image retrieval system. In the above-captioned case and in the fifty new cases, the various plaintiffs will have the benefit of the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988).

The Clerk of Court is ordered to strike defendant(s) "Staff of Kershaw Correctional Institution" from the docket, and add defendant Warden Cecilia R. Reynolds, as reflected in the caption above, in the instant case (C/A No. 2:07-1050-MBS-RSC), and to enter Reynolds as the defendant in each of the fifty new cases created.

After docketing, the Office of the Clerk of Court shall forward the files in the above-captioned case and in the fifty new cases to the undersigned magistrate judge for initial review of the cases under 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the General Order (Misc. No. 3:05-MC-5010-JFA) filed on November 1, 2005.

IT IS SO ORDERED.

May 1, 2007
(Date)
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge